UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIANNA E.,[1]

                                         Plaintiff,        Case # 20-cv-00156-FPG

v.                                                                         DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                         Defendant.
_____

## INTRODUCTION

On September 6, 2016, Plaintiff Brianna E. protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 80. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge JuanCarlos Hunt on September 6, 2018. *See* Tr. 31. At the hearing, Plaintiff and vocational expert, William T. Cody, testified. On November 8, 2018, the ALJ issued an unfavorable decision. Tr. 15-27. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-3. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 16, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 9.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I.  **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

**I.    The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 6, 2016, the date of her disability application.  Tr. 17.  At step two, the ALJ found that Plaintiff has the following severe impairments:  anxiety, bipolar disorder, depression, and obesity.  *Id.*  The ALJ also determined that Plaintiff suffered from the following non-severe impairments: fibromyalgia, binge eating disorder, unspecified personality disorder, irritable bowel syndrome ("IBS"), hypothyroidism, insomnia, numbness and cramping in her hands, mild intermittent asthma, and GERD.  Tr. 17-19.  At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments.  Tr. 19.

The ALJ determined that Plaintiff maintained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b).  Tr. 21.  However, the ALJ found that Plaintiff had limitations including that Plaintiff can:  frequently balance, crouch, kneel, crawl, stoop, and climb stairs, ramps, ladders and scaffolds; frequently push, pull, handle, finger, and feel bilaterally; and occasionally push, pull, and operate foot controls with her lower extremities.  *Id.*  The ALJ determined that Plaintiff needs to avoid (1) work environments with crowds, extreme cold, wetness, fumes, dusts, odors, gases, poor ventilation, and other pulmonary irritants; and (2) hazards, such as unprotected heights, machines with moving mechanical parts and driving employer vehicles.  *Id.*  Finally, the ALJ found that Plaintiff can: understand, remember, and carry out simple instructions; frequently interact appropriately with supervisors; occasionally interact with coworkers and the public; make simple work-related decisions; and tolerate few changes in a routine work setting.  *Id.*  Plaintiff

3

will be off task ten percent of the day due to attention and concentration lapses and/or the need to go the bathroom and will miss work once a month. *Id.*

In formulating the RFC, the ALJ gave some weight to Dr. Samuel Balderman, a consultative examiner who opined that Plaintiff has mild limitations with sustained physical activity due to her poor weight control, but gave no weight to his opinion regarding Plaintiff's psychological conditions as it was beyond his areas of expertise. Tr. 24. Consultative Examiner Jeanine Ippolito PsyD's opinion that Plaintiff could manage funds, follow and understand simple directions and instructions, perform simple tasks independently, learn new tasks, perform complex tasks independently, and make appropriate decisions, was afforded significant weight. *Id.* Additionally, the ALJ gave significant weight to Dr. Ippolito's opinion that Plaintiff could maintain attention and concentration and a regular schedule with moderate limitations, but did not afford significant weight to Dr. Ippolito's opinion that Plaintiff had marked limitations in appropriately dealing with others or moderate to marked limitations in relating to others. *Id.*

The ALJ also gave some weight to the opinion of treating psychiatrist, Dr. Wonhoon Park. *Id.* Specifically, significant weight was applied to Dr. Park's opinion that Plaintiff was not a malingerer, because it was consistent with treatment records, but the ALJ applied little weight to the opinion that Plaintiff would miss work more than three times a month as it was deemed inconsistent with the treatment records. *Id.* Finally, some weight was given to the opinion of O. Fassler, PhD, state psychological consultant. Tr. 25. In particular, the ALJ gave significant weight to Dr. Fassler's opinion that Plaintiff had moderate limitations in social functioning and maintaining concentration, persistence, or pace, because it was consistent with the medical records.

However, only some weight was given to Dr. Fassler's opinion contained in the mental assessment disability determination explanation document. *Id.*

At steps four and five, the ALJ concluded that Plaintiff was unable to perform any past relevant work but that there were jobs that existed in the national economy that Plaintiff could perform including, for example, Sorter or Packer. Tr. 26-27. As such, the ALJ found that Plaintiff was not disabled.

## II.   Analysis

Plaintiff takes issue with the ALJ's decision on the basis that the RFC finding is not based on substantial evidence with regard to the off-task time limitation and expected absences per month. This Court agrees.

"Specific RFC assessments, like percentage of time off-task, must be based on evidence in the record, not on an 'ALJ's own surmise.'" *Wouters v. Comm'r of Soc. Sec.*, No. 19-cv-610-FPG, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020) (quoting *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where the ALJ "translated" medical evidence suggesting that the claimant would be off task "for ten percent of the workday" into a determination that the claimant would be off task "six minutes out of every hour" because "[t]here [was] no evidence in the record to the effect that [the claimant] would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday.")).

In making the RFC determination, the ALJ made clear that he considered Plaintiff's medical history and the opinions of various medical providers. However, the ALJ's specific finding that Plaintiff would be off-task ten percent of the workday and would miss work once a month is not rooted in any particular medical evidence or opinion. Indeed, the ALJ does not point

5

to any evidence in support of the finding, nor does the ALJ attempt to tie any evidence of record—beyond Plaintiff's brief testimony regarding bathroom use—to this specific conclusion. *See June S. v. Comm'r of Soc. Sec.*, No. 19-cv-1514-FPG, 2020 WL 7137041, at *3 (W.D.N.Y. Dec. 7, 2020) (finding the ALJ's 10% off-task limitation unsupported by the record where the finding was not rooted in any medical evidence nor did the ALJ attempt to tie any evidence to the specific conclusion); *see also Milliken v. Berryhill*, No. 1:16-CV-00297 EAW, 2017 WL 3208635, at *17 (W.D.N.Y. July 28, 2017) (case remanded where the ALJ determined that plaintiff would need half hour breaks over the course of an eight hour work day to complete tasks but failed to point to anything in the record to support the determination that such a duration would permit plaintiff to work). "Without some explanation from [the ALJ] as to the tether between [his] RFC and the . . . medical opinions or statements from plaintiff, the RFC appears to be based upon [his] lay analysis of plaintiff's limitations, which is not permitted and requires remand." *Jordan v. Berryhill*, No. 1:17-CV-00509 (JJM), 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018).

In response to Plaintiff's assertion that the off task time is not supported by the evidence in the record, the Commissioner argues that it is Plaintiff's burden to demonstrate that she has greater limitations than that opined by the ALJ. ECF No. 17-1 at 10. However, in arguing that Plaintiff has failed to meet her burden to support a *greater* disability finding, the Commissioner ignores the fact that there is no evidence which supports the ALJ's off-task time finding in the first place. *See id.* The relevant case law makes clear that such a specific RFC limitation must be supported by a clear medical opinion in order to be deemed proper. *See Silkowski v. Comm'r of Soc. Sec.*, No. 18-CV-6727, 2020 WL 1493951, at *6 (W.D.N.Y. Mar. 27, 2020) (remanding where a doctor opined that the plaintiff needed "frequent opportunities" to alternate positions and the ALJ determined an appropriate RFC allowed for position changes every 60 minutes, without

6

any explanation for the translation of "frequent" to "every 60 minutes"); *Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, at *10-11 (W.D.N.Y. Dec. 17, 2019) (finding the ALJ's determination that plaintiff would be off task five percent of the workday lacked sufficient support where the only medical opinion providing a specific time limitation stated that plaintiff would be off task at least 30% of the workday). *But see Racine v. Berryhill*, No. 15-CV-0097A(F), 2017 WL 4570387, at *9-10 (W.D.N.Y. Sept. 12, 2017) (finding an ALJ's RFC determination that plaintiff was able to perform light work with the option of sitting or standing for the specific duration of every two to three hours was sufficiently supported by plaintiff's testimony and relevant medical records). If the ALJ believed that an off-task determination was necessary and no such opinion was provided in the record, he should have obtained a medical opinion supporting such a limitation. *Cheek v. Comm'r of Soc. Sec.*, No. 1:18-CV-01455 EAW, 2020 WL 2028258, at *5 (W.D.N.Y. Apr. 28, 2020).

The Commissioner further attempts to distinguish the Second Circuit's holding in *Cosnyka v. Colvin*, 576 F. App'x 43 (2d Cir. 2014), requiring a specific opinion for such a limitation finding from the circumstances presented here by noting that case law also supports assigning a particular percentage off task time determination without a specific medical opinion where the evidence supports the limitation. *See* ECF No. 17-1 at 12-13 (citing *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) (summary order)). However, in those circumstances where courts have affirmed an ALJ's specific RFC finding despite the lack of a specific medical opinion, there was clear evidence supporting the limitation on which the ALJ relied. For example, in *Johnson v. Colvin*, 669 F. App'x 44 (2d Cir. 2016), the ALJ determined that plaintiff could perform work "slightly slower than average pace, i.e. no more than 10% slower than average." *Id.* at 47. In support, the ALJ relied on various medical evidence including opinions that plaintiff had minimal to no limit

in the ability to understand directions, perform tasks, and maintain attention and concentration, in conjunction with the opinion of a provider that plaintiff's physical problems may interfere with his ability to maintain a regular schedule. *Id.* The is no such evidence here. Indeed, other than noting that various medical records illustrate Plaintiff's IBS symptoms, neither the ALJ or the Commissioner can point to anything in the record that suggests how much time Plaintiff would be off-task in a work setting due to her IBS or mental health limitations.

The ALJ's RFC assessment is not harmless error, because the vocational expert relied on the off-task time in concluding that Plaintiff was not disabled. Tr. 63-64. The vocational expert specifically testified that if a person was off-task 15% of the day, they would be precluded from working. Tr. 65. Yet, the ALJ relied on this testimony and the unsupported 10% off-task time determination in concluding that Plaintiff was not disabled. *See* Tr. 21. In other words, if Plaintiff in fact will be off task more than 10% of the workday, she may be considered disabled. This case is therefore remanded to the Commissioner to reevaluate Plaintiff's RFC and, if necessary, further develop the record to determine precisely how much of the workday Plaintiff would be off task. *See Cosnyka*, 576 F. App'x at 46 (remanding where there was no basis for a particular off-task determination).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 16, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 17, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 28, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court